## Case No. 2,028.

BROWN et al. v. RUBBER–STEP MANUF'G CO. et al.

[3 Ban. & A. 232;[1] 13 O. G. 369.]

Circuit Court, D. Massachusetts. Feb. 4, 1878.

PATENTS—RUBBER DOOR-MAT—INFRINGEMENT.

1. The patent granted to Edwin M. Chaffee, numbered 19,347, dated February 16th, 1858, for a cellular India-rubber door-mat, construed, and, upon the construction given, the defendants *held* not to have infringed.

[Cited in Rubber-Step Manuf'g Co. v. Metropolitan R. Co., Case No. 12,101.]

2. Where it appeared, that the two contrivances did not perform the same function by the same means; and that the defendants' products are unfit for the use for which the complainants' products are intended, and the complainants' products are unfit for use for the purposes for which the defendants' are designed, no infringement is proved.

[In equity. Bill by William W. Brown and others against the Rubber-Step Manufacturing Company and others for alleged infringement of letters patent No. 19,347, granted to E. W. Chaffee, February 16, 1858. Bill dismissed.]

James E. Maynadier, for complainants.
Thomas William Clarke, for defendants.

SHEPLEY, Circuit Judge. The patent to Chaffee, No. 19,347, under which complain-

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

ants have filed this bill, is for "a cellular India-rubber door-mat," composed of caoutchouc and its compounds, or equivalent gums. The thing invented, described in the specification, and covered by the claim in the letters patent, is a mat of rubber, gutta-percha, or other flexible gums, formed by ridges or gratings, to serve as scrapers to clean the feet, and cells or spaces, of whatever form, to contain the dirt. It is not material that the ribs or ridges should intersect or cross each other at such an angle as will form a lozenge-shaped cell, in the manner described by the patentee as that usually adopted by him as the best mode of construction. The ridges may be circular, parallel, serpentine, or of any other shape that will allow them to act as scrapers to clean the feet, and to leave cells or spaces, of whatever form, to hold the dirt removed by the scrapers. The dirt-cells may be closed at the bottom, or open, to allow the water to run out. Three things only are necessary, and these are indispensable to constitute the thing secured by the patent. First, a flexible-gum mat; second, flexible-gum ridges to serve as scrapers; third, cells or inclosed spaces to contain the dirt. While the patentee does not use the phrase "inclosed spaces," he describes his spaces as spaces which contain, and are made for the purpose of containing, dirt. Such cells or spaces are necessarily something more than mere extents of uninclosed space. The patentee describes for this purpose a border around the mat, which would make such cells or inclosed spaces to contain the dirt, even if the gratings were parallel, serpentine, or otherwise so constructed as not to intersect each other and form cells.

The defendants are charged with infringement, by the manufacture of certain articles designed to constitute the steps of wheeled carriages, and others constructed for permanent attachment to the steps of cars. The contrivances for carriage-steps are all of them formed upon a plate of cast iron. None of them are larger than about six inches in the greatest dimension. All of them have upon their backs an iron bolt, or projection, for the purpose of attaching them to the step-bracket of a carriage. The other exhibits are plates, the largest of which is not more than half the size of the smallest door-mat, with little hemispheres of rubber projecting less than a quarter of an inch above a surface of vulcanized rubber, or small pyramids of rubber, half an inch square at the base and an eighth of an inch high, set all over the surface of vulcanized rubber, base to base.

These contrivances differ from the cellular door-mat described in the Chaffee patent in the following particulars: the elevations or ridges in the Chaffee mat are designed and intended to present a flexible yielding surface, over which the foot may easily slide, so that the ridges may act as a brush would

act if the foot were moved over it, and "serve as scrapers to clean the feet." The low pyramids, or hemispheres and projections in the defendants' contrivances, are designed and intended to give a firm frictional bearing for the foot, and to prevent any slipping or sliding over the surfaces of the elevations, and not intended "to serve as scrapers to clean the feet." The cells or depressed spaces in the Chaffee mat are intended and constructed "to hold the dirt." The depressions in defendants' contrivances are not intended or constructed "to hold the dirt," but are constructed rather as conduits or gutters, for the purpose of allowing and facilitating the automatic removal of mud, snow, and ice. They are purposely so arranged as to provide no recesses for the lodgment of snow, ice, or water. The low pyramids, hemispheres and projections are so constructed that in case any ice should be formed between them it would at once be broken, being very thin and supported only by the elastic base, by the pressure of the foot slipping on it, and the broken ice would be thrown off by the rebound of the base and the rubber projections, when the pressure is removed.

The functions of the Chaffee mat is to present to the foot elastic resilient ridges, over which the foot may easily slide, that the ridges may act in place of brushes "as scrapers to clean the feet," and also to present convenient cells or spaces "to hold the dirt" thus removed. The function of the defendants' contrivances is to present to the foot a frictional bearing to prevent sliding or slipping, for the foot to rest firmly on, not to be scraped over, and grooves, or gutters, or depressions, not "to contain dirt," but to prevent it from being retained, and to facilitate the removal of mud, water, and ice. The two contrivances do not perform the same function by the same means, and the defendants' products are unfit for the use for which the complainants' products are intended, and the complainants' products are unfit for use for the purposes for which the carriage and car steps of the defendants are manufactured. There is no evidence of infringement by the defendants, and the bill of complainants is dismissed with costs.